No. 17,402.

## DICKERSON v. THE STATE.

From the Boone Circuit Court.

*F. C. Reagan* and *T. J. Ryan*, for appellant.

*W. A. Ketcham*, Attorney-General, *M. Moores, S. H. Spooner* and *P. H. Dutch*, for State.

HOWARD, J.—The appellant, on affidavit and information, was convicted of the crime of rape, and sentenced to State's prison for three years.

We are asked to reverse the judgment on the evidence. This can not be done, provided there was competent evidence given tending to support every material fact charged in the affidavit and information. The jury were of opinion that such evidence was given, and that the same was true beyond a reasonable doubt, as also was the judge who refused to grant a new trial.

There was evidence tending to show that the prosecuting witness, a girl between eighteen and nineteen years of age, was engaged to be married to the appellant; that she had recently come from the country, where she was brought up, and was at the time living as a servant in the house of a clergyman in the city of Lebanon; that appellant, who was a divorced man, was a regular and frequent visitor of hers, and had been for several months, particularly since their marriage engagement; that on the Sunday evening in question he called to take her to church, but when they arrived at the church door the congregation was singing, and he said they had better not go in, but would walk along; that they did walk on to the end of the sidewalk; that she was not acquainted with the town or the streets, having lived about six miles in the country; that before they arrived at the end of the walk she asked to go back, but he replied, "Let's walk on, there's lots of sidewalk down there yet;" that when they got to the end of the walk she asked again to go back, but he put his arm around her waist; she tried to get loose; he put his hand over her mouth and told her not to halloo, and she was then afraid to do so; that he pulled her off the sidewalk and across a bridge, carrying her part of the way and dragging her part of the way; that he then took her into some open place where there were trees; that she did not know how far it was from any house, and saw no person, it was after dark; that he then grabbed her and threw her on the ground, and there had sexual intercourse with her against her will, and she tried to prevent him; that before this he had told her he had a revolver, that he could kill any one, cut any one up, and it would not phase him a bit; that after the offense was committed he told her if she ever said anything about it he would kill her; that she came to visit a lady friend the next morning, and every day after, and was always in a deep study and crying every time; that when asked what was the matter she would not tell, until Saturday, when she told, and said she had been afraid to tell.

Other evidence given was in apparent conflict with some of this, but of such conflict the jury were the judges. It is enough for us to know that there was competent evidence given on the trial from which the jury might conclude that the appellant had committed the crime charged against him.

The confidence which the prosecutrix might well be believed to have in the appellant as her affianced husband was sufficient to account for much that might otherwise be deemed imprudent on her part, and the fear with which he inspired her after he took her from the sidewalk and over the bridge might be held to account for her failure then to seek assistance, even if any assistance were available in that lonely locality. The jury might also take into account her inexperience in the city, as likewise the flippant conduct upon the witness stand of her experienced assailant. We think the sentence of three years was fully justified by the evidence.

Judgment affirmed.

